ETTORE PENNA, Respondent, *v.* ATLANTIC MACARONI COMPANY, Appellant.

First Department, November 3, 1916.

Tort — entry of judgment upon claim which has been paid — suit to recover damages — loss of employment — failure of plaintiff to make disclosure which would reduce damage.

A plaintiff, suing to recover for the unlawful entry of a judgment against him upon a claim which he had fully paid, is not entitled to recover damages resulting from a loss of employment where it appears that,

having proof in his possession by which he could have convinced his employer that the claim was paid, he refused to inform him of that fact through pride and anger that his employer should doubt his word. Under the circumstances it was his duty to the defendant to make the damages as small as possible.

APPEAL by the defendant, Atlantic Macaroni Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 31st day of March, 1916, upon the verdict of a jury, and also from an order entered in said clerk's office on the 1st day of April, 1916, denying the defendant's motion for a new trial made upon the minutes.

*Jonah J. Goldstein,* for the appellant.

*George C. Norton,* for the respondent.

SMITH, J.:

This action is brought to recover damages claimed to have been suffered by the plaintiff by reason of the entry of a judgment against him after the claim upon which such judgment was recovered had been paid and satisfied in full.

The plaintiff had been sued by the defendant for an account amounting to about $170. The summons was returnable on the 29th day of January, 1914. On the twenty-eighth of January plaintiff had sent to the defendant's attorney a certified check for $172.50 to cover the claim and a check for $7.50 to cover the costs. He swears, and the jury must have found, that the defendant's attorneys agreed that no judgment would be entered against him and that he need not appear in court. Judgment was, however, entered the next day against him for $180. One Aguino was an importer of wines and liquors. The plaintiff as a broker sold those wines and liquors for such price as he could obtain, and was authorized to retain from the sale any surplus over and above the price fixed between him and Aguino. Plaintiff, however, guaranteed any accounts that he made. At this time plaintiff was owing Aguino about $6,000 upon this so-called commission account and about $600 on an expense account. Aguino saw in the *Daily Credit Bulletin* that a subpœna or summons had been served upon the plain-

tiff by the defendant.  He inquired of the plaintiff in relation thereto, and the plaintiff told him that the claim had been paid.  Thereafter Aguino saw in the *Bulletin* that a judgment had been entered, and he called up the plaintiff and accused him of telling him falsely that the claim had been paid. Aguino swears that he stopped the account then and cut off the plaintiff from further commission business because he did not believe the plaintiff when he told him that the claim had been paid.  The plaintiff claims that he made about $300 a month profit from this business and that he lost the same. The only question submitted to the jury was as to whether the plaintiff had not lost credit with Aguino by reason of this unlawful entry of judgment by the agents of the defendant and the damages resulting therefrom.  The jury returned a verdict in favor of the plaintiff for the sum of $350.  A motion was made by the defendant for a new trial, and this appeal is from the judgment and the order denying the motion for a new trial.

There seems to be only one question in the case, and that is as to the extent of the damage.  There was sufficient evidence to go to the jury upon the question as to whether the attorneys for the defendant did not promise that no judgment would be entered against him after his giving the checks.  The jury has believed the plaintiff's story, as they might well do, and found that there was an absolute promise not to enter judgment, and for a breach of the duty arising out of this promise of the attorney the defendant would seem to be liable.

As before stated the only question submitted to the jury was the damage by reason of the loss of the custom of Aguino. The defendant's contention is that that loss was not the necessary result of the entry of the judgment, but was occasioned by the pride and obstinacy of the plaintiff.  When Aguino charged the plaintiff with not telling him the truth, the plaintiff swears that he had with him the receipt of the defendant's attorneys for the moneys paid upon the judgment.  The plaintiff swears, however, that he did not show this receipt to Aguino, and states as the reason, "I always done my business in a real right way — maybe that I had not much money, but whenever I say a word I wanted peoples to believe me.  That

man did not believe me. I did not go to him any more. When I finished up and paid all the amounts that was due to him, I went back to him again. * * * The reason why, I gave him my word that I had paid that amount, and he should have believed it. He did not believe, and I did not go. He gave me statements to collect. I collected the statements little by little. It took a year to pay out these amounts. We started business again for the last five months — more than a year — because I got mad at him because he should not have done that thing to me, because I had always treated him well and everybody as well. Then after we started we paid up all the amounts and I went back to Aguino and we got friends again and doing business again."

Inasmuch as Aguino swears that the reason the credit was cut off was that he did not believe the plaintiff, and as the plaintiff had the proof in his pocket to show that he was telling the truth and refused to give it, it seems to me clear that he has violated his duty to the defendant to make the damages as small as possible. By showing the receipt of Goldstein he could have convinced Aguino at once that he had told the truth, and moreover, he could have had defendant communicate with Aguino to that effect; but this he refused to do by reason of his pride and because he got mad at Aguino for not taking his word. The damages proven, therefore, are not the legal result of the wrongful entry of this judgment, and for this reason the judgment and order must be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, SCOTT and PAGE, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.